UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LANDS, ET AL.　　　　　　　　　　CIVIL ACTION

VERSUS

UNKNOWN MOORE, ET AL.　　　　　　　　　　NO. 14-00282-BAJ-RLB

## ORDER

The above-captioned matter involves the claims of four *pro se* Plaintiffs, Brendon Lands, Derrick Blunt, Edward Wilson and Forest Hardy, who jointly filed a purported "Class Action" Complaint. Plaintiffs filed the Complaint by completing a form traditionally used by plaintiffs who allege a state actor violated their constitutional civil rights under 42 U.S.C. § 1983.

Here, the Plaintiffs allege that their constitutional rights were violated on January 24, 2013 at Dixon Correctional Institute in Jackson, Louisiana when they were served breakfast trays consisting of pancakes which were covered in rancid syrup. When Plaintiffs complained, prison officials responded by calling for alternative breakfast trays to be brought from the prison kitchen. Plaintiffs allege, however, that they again complained, asserting that the alternative breakfast trays, consisting only oatmeal, should be provided with sugar to make the oatmeal more palatable. According to Plaintiffs, prison officials responded to these complaints by ordering the inmates to "put the trays out of the cells," resulting in the inmates not being provided with breakfast on the referenced date.

Although the Complaint was filed as a purported "Class Action," the Court finds that the management of proceedings in this matter would be complicated if the claims of the four *pro se* Plaintiffs are allowed to continue in a single proceeding. Specifically, a *pro se* plaintiff is allowed to represent only himself and is not authorized to appear on behalf of or to assert the constitutional rights of other persons allegedly injured by the wrongful conduct of the defendants. In other words, if the claims of the four *pro se* Plaintiffs are allowed to continue, each Plaintiff would be required to sign all motions and/or pleadings as any motion and/or pleading could not be filed by one Plaintiff purporting to act and/or seek relief on behalf of the other Plaintiffs.

In addition, there is the possibility that one or more of the individual Plaintiffs may subsequently be transferred to a different institution or to a different housing unit, and/or may be released from confinement, thereby further complicating the ability of the Plaintiffs to participate together in this proceeding.

Accordingly, it is the Court's view that the future course of proceedings in this matter would be better and more efficiently managed if the claims of the individual Plaintiffs are severed one from the other, so that the Court may individually address the fact-specific claims of each Plaintiff. *See Richards v. Office of Violent Sex Offender Management*, 2014 WL 1158993, at *7 (S.D. Tex. March 21, 2014) (recognizing that "an action brought by multiple plaintiffs proceeding *pro se* in which the plaintiffs are detained presents procedural problems that cause delay and confusion," including "the need for all plaintiffs to agree on all filings" and "the need for all filings to contain the original signatures of all plaintiffs").

Accordingly,

**IT IS ORDERED**, *sua sponte*, that the claims of the individual Plaintiffs in the above-captioned litigation be and are hereby **SEVERED**, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall create and assign new record docket numbers to Plaintiffs **DERRICK BLUNT**, **EDWARD WILSON**, and **FOREST HARDY**. The record docket number assigned to this matter shall be assigned to Plaintiff **BRENDAN LANDS**.

Baton Rouge, Louisiana, this 23rd day of July, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA