UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRENDON LANDS (#448561)**                                      **CIVIL ACTION**

**VERSUS**

**MAJOR MOORE, ET AL.**                                           **NO. 14-0282-BAJ-RLB**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 16, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LANDS (#448561)                                          CIVIL ACTION

VERSUS

MAJOR MOORE, ET AL.                                              NO. 14-0282-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment (R. Doc. 25) and the Motion for Summary Judgment of defendants Major Ronald Moore and Lt. Ernest Wall (R. Doc. 31). The plaintiff's motion is opposed. (R. Doc. 27).

The *pro se* plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Ronald Moore and Lt. Ernest Wall. The plaintiff complains that the defendants violated his constitutional rights on January 24, 2013, through the use of excessive force and failing to intervene to protect him from the same.

The plaintiff moves for summary judgment relying upon the pleadings, copies of two pages from the Cellblock B Tier Logbooks dated January 24, 2013, a copy of an Unusual Occurrence Report authored by defendant Major Moore and dated January 24, 2013, a copy of a Disciplinary Report regarding the January 24, 2013 incident, and a copy of an excerpt regarding chemical agents from Departmental Regulation No. C-02-006, Use of Force. The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavits of Ronald Moore, Ernest Wall, Robert Cleveland, Glenn Coullard, Landon Blades, Ami Baggett, Floydean Ventress, James Oliveaux, a certified copy of an Unusual Occurrence Report authored by defendant Major Moore and dated January 24, 2013, a certified copy of a

Disciplinary Report regarding the January 24, 2013 incident, a certified copy of the Cellblock B Gas Logbook for Freeze Plus P dated January 23, 2013 through February 1, 2013, a certified copy of Gas Armory Inventory for Cellblock Deep Freeze dated January 24, 2013, and a certified copy of the plaintiff's medical records maintained at DCI.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air*

*Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on January 24, 2013 around 5:35 a.m., he and other inmates on his tier discovered that the pancake syrup served with breakfast was rancid.  Defendant Lt. Wall was notified, and he contacted defendant Major Moore.  Defendant Major Moore arrived shortly thereafter and announced that more food would be arriving soon. According to the plaintiff, trays of oatmeal arrived at 7:55 a.m., and the plaintiff and the other inmates asked defendant Major Moore for the sugar that is normally served with breakfast.  Defendant Major Moore stated that the kitchen had not sent any sugar, and that none would be distributed.

According to the plaintiff, he and other inmates requested to speak to the unit warden.  Five minutes later, defendants Lt. Wall and Major Moore entered the tier and ordered the inmates to surrender their trays.  The plaintiff and other inmates informed defendant Major Moore that they had not yet eaten due to no sugar being provided.  The plaintiff alleges that Major Moore left and returned with a can of Freeze Plus. The plaintiff and other inmates again requested sugar, and defendant Major Moore then allegedly sprayed the plaintiff and other inmates with several bursts of the Freeze Plus spray.

The plaintiff further alleges that defendant Major Moore then left the tier, returned with a can of Deep Freeze, and sprayed the plaintiff and other inmates while stating, "marinate in that, is that sweet enough for ya?"  As a result, the plaintiff allegedly suffered from burning of the skin and eyes, breathing complications for several hours, and aggravation of his pre-existing

medical conditions. The plaintiff asserts that defendant Major Moore violated his 8th amendment rights by using excessive force, and that defendant Lt. Wall failed to intervene.

In response to the plaintiff's allegations, the defendants first contend that to the extent the plaintiff is seeking relief for violations of prison policy, such claims are not actionable under §1983. The defendants' motion is well taken in this regard. The failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).

The defendants next assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights. The defendants contend, instead, that the evidence shows that the use of force on January 24, 2013 was reasonable and justified, and was undertaken in response to conduct by the plaintiff in repeatedly refusing to surrender his original breakfast tray, which prompted defendant Major Moore to employ force to gain compliance and maintain discipline.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a

constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims of excessive force and failure to intervene, the Court finds that the defendants' motion for summary judgment should be granted in connection with these claims. Specifically, the Court finds that the plaintiff's evidentiary showing is not sufficient to support a finding that there are genuine disputed issues of material fact in this case relative to these claims.

First, with regard to the plaintiff's claim of excessive force, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes

---

[1] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

Applying the foregoing standard, the Court finds that the plaintiff has failed to come forward with evidence sufficient to support a finding that there are disputed questions of material fact in this case regarding the objective reasonableness of the defendant's use of force on January 24, 2013. In response to the plaintiff's allegations, the defendant has introduced evidence reflecting that on the referenced date, the plaintiff repeatedly refused several direct orders to return his breakfast tray to the slot in his cell. The plaintiff does not dispute this assertion.[2] In fact, the Court notes that the plaintiff pled guilty to the associated disciplinary charge stemming from the January 24, 2013 incident. *See* R. Doc. 31-12 at pg. 2. The defendants assert that, in

---

[2] The plaintiff characterizes his actions as passive, and asserts that under Department Regulation No. C-02-006 chemical agents should not have been used since he remained passive in his cell. The regulation actually states that, "Chemical agents…shall not be used on those offenders who remain passive in their cells without causing a disturbance or becoming hostile unless the offender continuously defies orders to come to the bars of the cell…"

response to the plaintiff's refusals to return his breakfast tray, defendant Major Moore utilized reasonable and necessary force to gain compliance and maintain discipline.  The question becomes, therefore, whether defendant Major Moore's use of force in response to the plaintiff's act of refusal was objectively reasonable or whether it instead rose to the level of excessive force prohibited by the Eighth Amendment.  Ultimately, the Court concludes that the evidence submitted by the plaintiff is insufficient to refute the defendants' showing and to support a finding of excessive force in this case.

    Interpreting the evidence in the light most favorable to the plaintiff, it appears that the plaintiff repeatedly refused to comply with defendant Major Moore's direct verbal orders to return his breakfast tray to the slot in his cell.  The defendant then employed some degree of force to gain compliance and maintain discipline.  The actions of the plaintiff created a potentially dangerous threat in that he was openly defying orders given by a correctional officer and the food tray could have been used as a weapon.  The plaintiff's actions also jeopardized the good order of the institution, and it was not objectively unreasonable for defendant Major Moore to respond by spraying the plaintiff with chemical agents after the plaintiff's repeated refusals to return his tray.  In the context of excessive force claims, the courts have long recognized that great deference is due to prison officials who are dealing with potentially dangerous situations, and "prison officials often must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" *Lawrence v. Knighten*, 30 F.3d 1490, *2 (5th Cir. 1994).  Accordingly, in the context of the situation that was presented, the Court is unable to conclude that defendant Major Moore's action in using some degree of force was objectively unreasonable or was undertaken "for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline."  *Wilkins v. Gaddy, supra,* 559 U.S. at 37.

Further, although the plaintiff asserts that the defendant utilized more force than was justified under the circumstances, the plaintiff's medical records do not support this contention. Specifically, the plaintiff alleges that he suffered from burning of the skin and eyes, breathing difficulties, and aggravation of his pre-existing medical conditions. *See* R. Doc. 1 at p. 5. The plaintiff was examined at 9:15 a.m. on January 24, 2013, by Nurse Blades. The plaintiff's vital signs were within normal limits, no skin irritation was noted, and he had no complaints of shortness of breath. The plaintiff did complain of decreased vision, but as noted, the plaintiff has a long history of visual impairment. Furthermore, the plaintiff was able to watch Nurse Blades as he walked down the tier and was able to reach for and grasp paperwork regarding the incident. *See* R. Doc. 31-7 and 31-15 at pg. 123. The plaintiff was again examined, at 9:35 p.m., by Nurse Ventress. The plaintiff's vital signs were again within normal limits, and no redness or drainage from the eyes was noted. The plaintiff did complain that his vision had worsened over the last few months and requested an eye exam. The plaintiff's extensive history of vision problems was again noted. *See* R. Doc. 31-9 and 31-15 at pg. 122. As such, there is no objective evidence of any injury resulting from defendant Major Moore's use of chemical agents on the plaintiff. As noted above, while the existence of minimal injuries does not alone warrant the rejection of a claim of excessive force, the minimal nature of a claimant's injuries may be relevant to the question whether the use of force was reasonable or excessive under the circumstances presented. In addition, when the objective findings noted in an inmate's medical records reflect no evidence of injuries consistent with his allegations, the Court is authorized to conclude that the inmate's allegations are implausible. *See Wilburn v. Shane*, 193 F.3d 517 (5th Cir. 1999), *citing Wesson v. Oglesby*, 910 F.2d 278, 281-82 (5th Cir. 1990).

Based on the foregoing, the Court concludes that the plaintiff has not presented sufficient evidence to contravene the evidence presented by the defendants in connection with their motion, much less evidence sufficient to meet the plaintiff's burden of proof, to rebut the defendants' assertion of qualified immunity, and to show the existence of a genuine issue of disputed fact regarding whether defendant Major Moore utilized unreasonable or constitutionally excessive force on the date in question.  *See Gates v. Texas Department of Protective and Regulatory Services, supra*, 537 F.3d at 419 (recognizing that the plaintiff bears the burden of rebutting a defendant's assertion of qualified immunity on motion for summary judgment).  The competent evidence adduced by the defendants, supported by affidavits and documentation, reflects that the use of force against the plaintiff on January 24, 2013, was objectively reasonable in light of the situation presented and was not for the sole purpose of causing harm but, instead, was for the purpose of gaining compliance and maintaining discipline in response to the plaintiff and other inmates' repeated refusals to obey the direct orders of Major Moore to return their breakfast trays.  It is also clear in this case that the plaintiff was seen by medical personnel after the brief application of force, and was not noted to exhibit any injuries.  Accordingly, based upon the plaintiff's failure in this case to present evidence of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment in connection with the plaintiff's claim of excessive force.

Regarding the plaintiff's claim for the alleged failure of defendant Lt. Wall to intervene, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force.  *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir.

1995).  Having found that defendant Major Moore did not utilize excessive force against the plaintiff, the defendants are also entitled to summary judgment in connection with the plaintiff's claim for failure to intervene.

Finally, to the extent to the extent the plaintiff is seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, considering that the Court recommends the dismissal of the plaintiff's federal claims asserted herein, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment (R. Doc. 25) be DENIED.  It is further recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's potential state law claims and that the Motion for Summary Judgment of the defendants (R. Doc. 31) be GRANTED, dismissing the plaintiff's claims asserted against the defendants, with prejudice, upon a finding that the defendants are entitled to qualified immunity in connection with the plaintiff's claims, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on November 16, 2015.

_____
  RICHARD L. BOURGEOIS, JR.
  UNITED STATES MAGISTRATE JUDGE