UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LAND (#448561)                                CIVIL ACTION

VERSUS

MAJOR MOORE, ET AL.                                   NO.:14-00282-BAJ-RLB

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 32)**, pursuant to 28 U.S.C. § 636(b)(1), addressing cross motions for summary judgment filed by Plaintiff Brendon Land and Defendants Major Ronald Moore and Lt. Ernest Wall. Also before the Court is Plaintiff's **Motion for Leave of Court to File a Rebuttal to Defendants' Motion for Summary Judgment (Doc. 34)**.

The Plaintiff and the Defendants seek summary judgment on the Plaintiff's 42 U.S.C. § 1983 claim of excessive force and failure to protect. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment (Doc. 25) be denied, and that Defendants' Motion for Summary Judgment (Doc. 31) be granted. The Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact,

conclusions of law, and recommendations therein. (Doc. 32 at p. 1). Plaintiff timely filed an objection (Doc. 33).[1]

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation. Furthermore, the Court denies, as moot, Plaintiff's Motion for Leave of Court to File a Rebuttal to Defendants' Motion for Summary Judgment.[2]

---

[1] Plaintiff objects to the Report and Recommendation on three grounds: (1) the Magistrate Judge's finding that his food tray could have been used as a weapon is not support by the evidence or the Seventh Circuit's decision in *Lock v. Jenkins*, 641 F.2d 488 (7th Cir. 1981); (2) Major Moore's use of a chemical agent aggravated his existing condition; and (3) the Defendant's use of 106 grams of a chemical agent amounts to excessive force. For Plaintiff's first objection, the Court finds that the decision in *Lock v. Jenkins*, 641 F.2d 488 (7th Cir. 1981), is not controlling in this Circuit. Furthermore, "perceived threat" is one of many factors taken into consideration when analyzing an excessive force claim. As the Magistrate Judge noted, the Court also considers the extent of the injury, the need for force, the relationship between the need for force and the amount used, and any efforts made to temper the severity of the response. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Here, Plaintiff's injuries were de minimus, Major Moore sought compliance from Plaintiff before and between using the chemical agents, (Doc. 25-1 at p. 2), and Plaintiff was given immediate medical attention following the incident, (Doc. 31-7; Doc. 31-15 at p. 123). *See Thomas v. Comstock*, 222 F. App'x 439, 442 (5th Cir. 2007) (concluding that defendant's use of chemical spray was not excessive because he warned the plaintiff that the spray would be used to ensure compliance; ensured the plaintiff had no health conditions that would be aggravated; administered only one burst of spray after giving the plaintiff sufficient warning; and immediately permitted the plaintiff to proceed to the infirmary). As for the second objection, the Court finds that the Magistrate Judge carefully considered whether Plaintiff's preexisting history of visual impairment was aggravated by the use of the chemical agent, and found that there was no objective evidence that an injury resulted. The medical records demonstrate that Plaintiff was examined two times the morning of the incident, no redness or drainage from the eyes was noted, and that Plaintiff notified the examiner that his vision had worsened over the last few months. (Doc. 31-9; Doc. 31-15 at p. 122). Finally, in considering Plaintiff's third objection, the Court finds that the end weight of the canister does not create an issue of material fact. Plaintiff alleges that Major Moore used the chemical agent on him *and* other inmates. The end weight of the canister does not isolate the exact amount used against Plaintiff, but indicates the total amount used during the incident. Additionally, Plaintiff's medical records demonstrate a de minimis injury, which does not support the use of 106 grams of chemical agent solely against Plaintiff. Accordingly, Plaintiff's objections are without merit.

[2] Pursuant to L.R. 7(f), an opposition to the Defendants' Motion for Summary Judgment was due September 11, 2015. Plaintiff claims he did not receive notice of the motion, however, a mail receipt from Dixon Correctional Institute indicates that Plaintiff received the motion on August 25, 2015. (Doc. 35-1).

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 32) is ADOPTED as the Court's opinion herein.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 25) is DENIED, and Defendants' Motion for Summary Judgment (Doc. 31) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave of Court to File a Rebuttal to Defendants' Motion for Summary Judgment (Doc. 34) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Defendants Major Ronald Moore and Lt. Ernest Wall are DISMISSED WITH PREJUDICE.

Baton Rouge, Louisiana, this 22nd day of January, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA